IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KRYSTYNA SCEHURA, on behalf of** ) | |
| **herself and all others similarly situated,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) No. 14-CV-08838 | |
| v. ) | |
| ) Judge Elaine E. Bucklo | |
| **KOVITZ SHIFRIN NESBIT, an Illinois** ) | |
| **professional corporation,** ) Magistrate Judge Sheila Finnegan | |
| ) | |
| **Defendant.** ) | |

**MOTION TO QUASH PLAINTIFF'S
THIRD-PARTY SUBPOENA DUCES TECUM**

Defendant Kovitz Shifrin Nesbit ("Kovitz"), by its attorneys and pursuant to Federal Rule of Civil Procedure 45(d)(3), moves to quash Plaintiff's Subpoena Duces Tecum directed at M.G. Welbel & Associates, Inc. In support of this motion, Kovitz states:

1. Plaintiff has sent a third-party subpoena to M.G. Welbel & Associates, the insurance broker for Kovitz. In that subpoena, Plaintiff demands three years' worth of information relating in any way to insurance issued to Kovitz.

2. But this case does not involve an insurance dispute. This case involves a claim under the Fair Debt Collection Practices Act challenging a form notice Kovitz sent to people who owed money for condominium assessments. Consequently, as Federal Rule of Civil Procedure 26(a)(1) makes clear (and as Kovitz's counsel has already discussed with Plaintiff's counsel), the only relevant insurance issues here are whether there is an insurance policy potentially covering Plaintiff's claims, and how much potential coverage that policy provides. Moreover, Defendant has already provided Plaintiff with a copy of the relevant insurance policy. Plaintiff's subpoena seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery

of admissible evidence. This overbroad and duplicative subpoena imposes an undue burden. Thus, under Federal Rule of Civil Procedure 45(d)(3), Plaintiff's subpoena should be quashed.

3. Kovitz submits a memorandum in support of its motion to quash contemporaneously with this motion to quash.

WHEREFORE, Kovitz respectfully requests that this Court grant its motion to quash, and grant any additional relief that this Court deems appropriate.

Dated: May 11, 2015
**KOVITZ SHIFRIN NESBIT,**
**A Professional Corporation**,
Defendant

s/ Jonathan N. Ledsky

Jonathan N. Ledsky
Scott J. Helfand
VARGA BERGER LEDSKY HAYES & CASEY
125 South Wacker Drive, Suite 2150
Chicago, IL 60606
(312) 341-9400

**CERTIFICATE OF SERVICE**

Jonathan N. Ledsky, an attorney, hereby certifies that, on this 11th day of May, 2015, a true and correct copy of the foregoing, **Defendant's Motion to Quash Third-Party Subpoena Duces Tecum**, was served electronically through the ECF/CM filing system upon counsel of record:

Kenneth M. DucDuong
kducduong@kmdlex.com

Mark T. Lavery
mark@lifetimedebtsolutions.com

s/ Jonathan N. Ledsky